UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUAN ANH NGUYEN,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE MCFARLAND DETENTION FACILITY, et al.,<br><br>    Respondents. | No. 2:25-cv-03297-KES-SKO (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**<br><br>[THIRTY DAY DEADLINE] |

    Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed a petition for writ of habeas corpus challenging his detention by Immigration and Customs Enforcement ("ICE").

    Petitioner is a citizen and national of Vietnam who entered the United States in 1979 as a refugee. In 2000, Petitioner was ordered removed. Nevertheless, he was paroled into the country because a functioning repatriation agreement did not exist at the time. He has a work permit and has been maintaining his permit in compliance with federal immigration laws.

    On an unspecified date approximately 30 days ago during a regularly scheduled ICE check-in, Petitioner was taken into custody. He has remained in detention since that time.

    Petitioner claims his detention is unconstitutional because there is no significant likelihood of removal in the reasonably foreseeable future. He further alleges ICE's current

procedures regarding removal to third countries violates the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, Implementing Regulations, and the Administrative Procedures Act. He also alleges potential removal to a third country constitutes punishment in violation of the Fifth and Eighth Amendments. He also alleges he was wrongly detained in violation of the requirements in 8 C.F.R. § 241.13. He seeks immediate release from custody.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Accordingly, it is HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted.  The Response to the Order to Show Cause is due within THIRTY (30) days of the date of service of this order.

2. Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **November 17, 2025**         /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE