# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TUAN ANH NGUYEN,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
MCFARLAND DETENTION FACILITY, et
al.,

Respondents.

_____/

Case No. 2:25-cv-03297-SKO (HC)

**ORDER TO SHOW CAUSE WHY
SANCTIONS SHOULD NOT BE IMPOSED
FOR VIOLATION OF COURT ORDER**

**[DEADLINE: MARCH 22, 2026]**

Petitioner Tuan Anh Nguyen is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

On January 9, 2026, the Court issued an order granting the petition. (Doc. 20.) Per the Court's order, Respondents were directed to release Petitioner and return him to the "last uncontested status which preceded the pending controversy[.]" GoTo.com, Inc. v. Walt Disney, Co., 202 F.3d 1199, 1210 (9th Cir, 2000) (quoting Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 809 (9th Cir. 1963)); see Ariz. Dream Act Coalition v. Brewer, 757 F.3d 1053, 1061 (9th Cir. 2014) ("the 'status quo' refers to the legally relevant relationship between the parties before the controversy arose") (citing McCormack v. Hiedeman, 694 F.3d 1004, 1020 (9th Cir. 2012)).

Here, the last uncontested status of Petitioner was before he was re-detained on October 13, 2025. See Pinchi v. Noem, No. 25-cv-05632-RMI-RFL, 2025 WL 1853763, at *3 (N.D. Cal.

Jul. 4, 2025) (finding that the "moment prior to the Petitioner's likely illegal detention" is the status quo). Petitioner had been on supervised release for over twenty years until he was re-detained by the government. Petitioner states that during that time prior to his re-detainment, he was required to report once per year, and he was not required to wear a monitoring device.  Respondents were ordered to return Petitioner to the status quo prior to re-detainment.  When Respondents released Petitioner from custody, however, he was required to report every two months, and has been required to wear an ankle monitoring device. (Doc. 23 at 2.)

**ORDER**

Accordingly, on or before March 22, 2026, Respondents are ORDERED TO SHOW CAUSE why sanctions should not be imposed for violating the Court's order.

IT IS SO ORDERED.

Dated:    **March 17, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

2