# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUAN ANH NGUYEN,<br><br>       Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE MCFARLAND DETENTION FACILITY, et al.,<br><br>       Respondents. | Case No.  2:25-cv-03297-SKO-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>[Doc. 24]<br><br>ORDER DISMISSING PETITIONER'S MOTION FOR CONTEMPT<br>[Doc. 23] |

Petitioner Tuan Anh Nguyen is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

On January 9, 2026, the Court issued an order granting the petition. (Doc. 20.) Pursuant to the Court's order, Respondents were directed to release Petitioner and return him to the "last uncontested status which preceded the pending controversy[.]" GoTo.com, Inc. v. Walt Disney, Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (quoting Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 809 (9th Cir. 1963)); see Ariz. Dream Act Coalition v. Brewer, 757 F.3d 1053, 1061 (9th Cir. 2014) ("the 'status quo' refers to the legally relevant relationship between the parties before the controversy arose") (citing McCormack v. Hiedeman, 694 F.3d 1004, 1020 (9th Cir. 2012)).

Here, the last uncontested status of Petitioner was before he was re-detained on October

13, 2025. See Pinchi v. Noem, No. 25-cv-05632-RMI-RFL, 2025 WL 1853763, at *3 (N.D. Cal. Jul. 4, 2025) (finding that the "moment prior to the Petitioner's likely illegal detention" is the status quo). Petitioner had been on supervised release for over twenty years until he was re-detained by the government. Prior to his re-detention, as a condition of supervision, Petitioner was required to report to ICE once per year. (Doc. 23 at 2.) No additional conditions of supervision were in effect. (Id.)

On March 16, 2026, Petitioner filed a motion for contempt alleging Respondents had failed to comply with the Court's order to return him to status quo before his re-detainment. (Doc. 23.) Respondents had released Petitioner from custody as ordered by the Court. However, upon Petitioner's release, Respondents placed more restrictive conditions of supervision on him than before: he was now instructed to report every two months, and an ankle monitoring device was placed on his person. (Doc. 23 at 2.)

By placing more restrictive conditions on Petitioner than before re-detainment, Respondents failed to return Petitioner to the status quo prior to re-detainment, as had been ordered by the Court. Because of this, on March 17, 2026, the Court issued an order directing Respondents to show cause why sanctions should not be imposed for failure to follow the Court's order. (Doc. 24.)

On March 22, 2026, Respondents responded to the order to show cause. (Doc. 25.) Respondents state they did not intentionally contravene the Court's order. Respondents state they followed the Court's instructions in the final section titled "ORDER," but did not fully understand that the Court's specific directive to return Petitioner to the status quo meant to return him to the precise conditions that were in effect before his re-detainment. Respondents state they have since removed the ankle monitoring device from Petitioner and reset his next scheduled report date for one year from now.

In light of the foregoing, the Court does not find sanctions appropriate in this matter. Accordingly, the Order to Show Cause is DISCHARGED. As Petitioner has now been restored to the status quo prior to re-detainment, the motion for contempt is DISMISSED.

IT IS SO ORDERED.

Dated:  **March 23, 2026**                     /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE